IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF NEW MEXICO

MICHAEL C. THULL,

    Plaintiff,

vs.                            CIV. No. 98-0048 LH/WWD

THE ALBUQUERQUE CITY COUNCIL,
MARTIN CHAVEZ, as former mayor of the City of Albuquerque,
STEVE WALKER, as former director of Air Pollution Control Division, City of Albuquerque,
MICHAEL E. WEHRLE, as agent of Air Pollution Control Division,
MARK DEAR, as agent of Air Pollution Control Division, and
JOHN J. LIBERATORE, as police officer, City of Albuquerque,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the City of Albuquerque's ("the City") Motion to Dismiss, filed February 3, 1998 (Docket No. 3). The Court finds that this Motion to Dismiss will be **granted** and that Plaintiff's claims shall be dismissed.

I. Background

On December 10, 1993, the Plaintiff received a citation for woodburning from Defendant Wehrle. The Plaintiff was found guilty in the metropolitan court and appealed to the state district court on March 12, 1994. On October 12, 1994, the Plaintiff attended an open meeting of the Albuquerque Pollution Control Board and presented a paper on proposed amendments of the woodburning ordinance. On January 9th, 1995, the case was dismissed by the district court. On January 24, 1995, the Plaintiff received a second citation from Defendant Dear and was prosecuted in the metropolitan court by Defendant Liberatore. The Plaintiff appealed his case to

the New Mexico Court of Appeals where the case has remained until now with no action.

## II. Plaintiff's Claims

Plaintiff's claims include selective prosecution, false prosecution, malicious prosecution, failure to allow petition for redress of grievances, and violations of due process. Because Plaintiff is proceeding *pro se*, this Court must liberally construe his complaint. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Albuquerque City Council is not an actionable entity, as a matter of law. New Mexico law vests municipalities, not individual departments thereof with the power to sue or be sued. N.M. Stat. Ann. § 3-18-1 (Repl. Pamp.1985). For example, police departments are not actionable entities. *See Martinez v. Winner,* 771 F.2d 424 (10th Cir. 1985). For this reason, the Plaintiff's claims against the Albuquerque City Council are dismissed.

### A. State Law Claims

As an initial matter, I note that Plaintiff could not have been falsely prosecuted because Albuquerque city officials have a statutory right to enforce no-burn nights in Bernalillo County. Plaintiff fails to recognize that the New Mexico Legislature has delegated jurisdiction over air pollution issues within Bernalillo County to both the County and the City jointly. §74-2-4 NMSA 1978 (Repl. Pamp. 1993). The City Environmental Health Department, under City Ord. 13-1975, §2.E, is authorized to initiate and prosecute actions for violations of the air board regulations including violations inside the City and outside the City but within Bernalillo County.

Second, Plaintiff has not stated a claim for malicious prosecution. Under New Mexico

law, malicious prosecution arises from the initiating of proceedings without probable cause, where the proceedings were brought for a purpose other than that of bringing an offender to justice, and when the proceedings have been terminated in favor of the accused. *Zamora v. Creamland Dairies, Inc.*, 106 N.M. 628, 632, 747 P.2d 923, 927 (Ct. App. 1987). Malice, a necessary element of the tort, is defined as a "wrong act done intentionally, without legal justification, and may be drawn from the lack of probable cause." *Marchbanks v. Young*, 47 N.M. 213, 216, 139 P.2d 594, 596 (1943). Even if the defendant could prove malice, there can be no valid claim for malicious persecution because the initial proceedings were not terminated in favor of Plaintiff.

Third, Plaintiff has not shown that he was selectively prosecuted. In order to state a claim for selective prosecution, Plaintiff must plead that he was prosecuted while others in similar situations were not and that the government prosecuted him invidiously or in bad faith. *Fillingim v. Boone*, 835 F.2d 1389, 1399 (11th Cir. 1988). The *Fillingim* Court held that a plaintiff must show invidious discrimination based on an impermissible classification such as race or color. *Id.* The complaint did not mention other people similarly situated who were not prosecuted, nor did it allege invidiousness or bad faith in the issuance of the citations.

For these reasons, I conclude that none of Plaintiff's state law claims state a cause of action and are therefore dismissed.

### B. Federal Due Process Claim

Plaintiff makes very confusing claims that his right to due process has been violated. It is this Court's conclusion that Plaintiff is attempting to sue the individual defendants in their official capacities, given the delineations made in Plaintiff's caption to the complaint. A claim against a city official is tantamount to a claim against the entity itself. *Monell v. New York City Dept. of*

*Social Services,* 436 U.S. 658, 690 n.55 (1978).  Such a claim requires specific pleading to survive a motion to dismiss.  Generally, in order to hold a city liable under 42 U.S.C §1983, it must have actually caused a violation of constitutional rights as a result of some unconstitutional municipal custom or policy.  *See City of Oklahoma City v. Tuttle,* 471 U.S. 808 (1985).  Liability under §1983 cannot be premised on respondeat superior.  *Pembaur v. City of Cincinatti,* 475 U.S. 469, 480 (1986).  Plaintiff makes no sufficient allegations against the City or its officials.  To the extent that Plaintiff is attempting to sue any of these defendants in his role as a supervisor, he must be able to allege that this supervisor was "deliberately indifferent" to constitutional violations by his workers.  *Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir. 1992).  However, showing that a supervisor "should have known" that a subordinate was violating someone's constitutional rights and not establishing that the supervisor actually had such knowledge, does not show a deliberate and intentional act by the supervisor to violate constitutional rights.  The Supreme Court has made it clear that liability under §1983 must be predicated upon a deliberate deprivation of constitutional rights by the defendant. *Id.*  Supervisory liability under §1983 "requires allegations of personal direction or of actual knowledge and acquiescence." *Id.* at 1400.

     The Plaintiff has not alleged that any of the defendants personally directed his subordinates to violate Plaintiff's constitutional rights nor does he claim there was actual knowledge or acquiescence on the part of the Defendants that a subordinate was doing so. Plaintiff has failed to allege a violation of constitutional rights as a result of some unconstitutional municipal custom or policy and consequently his attempted claims against the City, by way of suing Defendants in their official capacities, must be dismissed.  *See Collins v. Harker Heights,* 503 U.S. 115 (1992).

Having failed to make the proper allegations for an official capacity lawsuit, this case is dismissed as to all individually named defendants.

**IT IS THEREFORE ORDERED** that Plaintiff's state and federal claims are dismissed and that the case is dismissed in its entirety.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**